UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>EDWIN FORREST LUDWIG, IV,<br><br>Movant. | No. 2:14-cr-0043 GEB KJN P<br><br>ORDER APPOINTING COUNSEL AND SETTING STATUS CONFERENCE |

I. Introduction

Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2015 conviction of three counts of conspiracy to defraud the United States. Movant claims that defense counsel rendered ineffective assistance of counsel. After reviewing the briefing on the § 2255 motion, and for the reasons set forth below, this court has concluded that an evidentiary hearing is required on movant's claim that his defense counsel rendered ineffective assistance during the plea bargain process. By this order, the court will also appoint counsel for movant for the limited purpose of conducting the evidentiary hearing.

II. Background

On February 20, 2014, movant was indicted, along with six co-defendants, of conspiracy to defraud the United States with False, Fictitious or Fraudulent Claims, and False Claims

1

Against the United States. Such violations were alleged to have occurred in or about March 2011, and continuing through to in or about August of 2012. (ECF No. 1 at 2.)

Movant was arraigned and detained on April 7, 2014. (ECF Nos. 55, 57.)

On April 16, 2015, defense counsel and the government filed a stipulation to advance movant's change of plea hearing from April 29, 2015, to April 22, 2015. (ECF No. 124.) On April 20, 2015, by minute order, the stipulation was granted, and the April 29, 2015 status conference was vacated, and a change of plea hearing was set for April 22, 2015. (ECF No. 125.)

On April 22, 2015, at a change of plea hearing, movant entered a plea of guilty on counts 1, 2, and 8. (ECF No. 127.) On April 22, 2015, movant signed the plea agreement and it was filed the same day. (ECF No. 130.) The plea agreement provided for a base offense level of 20. (ECF No. 130 at 8.)

On May 29, 2015, movant's judgment and sentencing hearing was continued to July 22, 2015, because probation required more time to complete the PSR. (ECF No. 136.) On June 25, 2015, by minute order, the July 22, 2015 hearing was vacated and advanced to July 8, 2015, on a joint request by both defense counsel and the government. (ECF No. 141.) The stipulation does not reflect the reason the hearing was advanced. (ECF No. 140.)

The government filed a sentencing memorandum on July 6, 2015. (ECF No. 143.) Defense counsel did not file a sentencing memorandum.

On July 8, 2015, movant was sentenced to imprisonment for a term of 84 months on count 1, and 60 months on counts 2 and 8, all to be served concurrently for a total term of 84 months to run consecutive to any sentence movant was currently serving. (ECF No. 145.) Judgment of conviction was entered on July 10, 2015. (ECF No. 146.)

On July 1, 2016, movant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (ECF No. 206.) On December 19, 2016, respondent filed a response. (ECF No. 243.) On January 23, 2017, movant filed his traverse. (ECF No. 248.)

////
////
////

III. Sentencing Guidelines Amendments

On January 16, 2015, the United States Sentencing Commission ("USSC")[1] published a set of proposed Sentencing Guidelines changes for public comment, including an amendment to the Tax Table under Section 2R4.1. See USSC, Proposed Amendments to the Sentencing Guidelines, issued Jan. 16, 2015, at 44. The pertinent part of the proposed change lowered from 20 to 18 the base offense level for a crime resulting in a tax loss of $400,000.00.[2] Id. at 44-45. Such changes to the tax table were identified as "Amendment 791." The public comment period closed on April 30, 2015, and the proposed amendments were submitted by the USSC to Congress for review. See USSC, United States Sentencing Commission Guidelines Manual: Supplement to Appendix C, November 1, 2015, at 102. On November 1, 2015, Congress adopted the proposed amendments, including Amendment 791.

IV. Movant's Affidavit[3]

In pertinent part, movant states that in December of 2014 or January 2015, movant asked defense counsel "about any new changes in the law." (ECF No. 206 at 27.) Movant had heard rumors from other inmates about "changes to the sentencing guidelines for 'white collar' crimes." (Id.) Defense counsel allegedly said nothing about changes in the law, but advised that if movant proceeded to trial, the guideline range under 2B1.1 would be an offense level of 30. (ECF No. 206 at 27.) On several occasions, including January 28, 2015, movant asked defense counsel about new laws and changes to the sentencing guidelines movant had heard about at the holding facility. Defense counsel told movant "there was nothing new that he knew about, that the guidelines were the same." (Id.) Movant told defense counsel that if he did not have a plea deal by March 11, 2015, movant wanted to go to trial. Defense counsel advised movant against that,

---

[1] The USSC publishes changes to the Sentencing Guidelines on their website, http://www.ussc.gov/guidelines/amendments.

[3] Despite no reference to declaration or "under penalty of perjury," it appears that movant's affidavit was an oath. United States v. Yoshida, 727 F.2d 822, 823 (9th Cir. 1983) (finding oath where notary public affixed a jurat stating "Subscribed and sworn to before me. . ." and the document began with the words "DENNIS YOSHIDA, being first duly sworn, . . ."). Here, the notary's jurat notes movant personally appeared and was "first duly sworn," and at the end states "sworn and subscribed before me . . . ." (ECF No. 206 at 27, 29.)

and said that he was working on a plea deal with the U.S. Attorney. Movant also told defense counsel that movant might be interested in pleading to the indictment without a plea deal and argue the particulars at sentencing, but defense counsel advised against that, and got the status conference continued to March 11, 2015. At the status conference, defense counsel advised he was still working with the U.S. Attorney and would have something by the end of the month.

After sending movant a copy of the plea agreement, defense counsel met with movant. (ECF No. 206 at 28.) Movant told counsel movant "did not like some of the things in the factual basis." (Id.) Movant asked if he took the deal and the laws changed or if "they did a 2 point reduction" as movant had been hearing (as with drug offenders), whether movant would get it, and defense counsel told movant he "would get anything like that." (ECF No. 206 at 28.) Defense counsel told movant that there was "nothing like that going on at that time, but he would look into it." (Id.) Movant states he entered a guilty plea without any knowledge of the pending changes to the sentencing guidelines.

After reviewing the PSI, movant again asked defense counsel about the rumors movant was hearing about guidelines changes, but defense counsel told movant nothing was going on.

In August of 2015, movant attended the law library where an employee found an article discussing the new guidelines effective November 1, 2015. (Id.) Movant states that if defense counsel had told movant that proposed changes were pending before the USSC, movant would not have pled guilty to a plea agreement that did not give him the benefit of an 18 base offense level, but would have insisted that counsel try to delay the plea and sentencing until after November 1, 2015, or use these changes to negotiate a better plea deal. Movant contends his co-conspirators received benefit of the Amendment 791 reduction. (ECF No. 206 at 29.)

V. Need for Evidentiary Hearing

    A. Applicable Law

        1. Motions Under 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. Tripati v. Henman, 843 F.2d 1160,

1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

### 2. Ineffective Assistance of Counsel

The clearly established federal law for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984). To succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Id. at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Id. at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 562 U.S. 86, 87 (2011) (quoting Strickland, 466 U.S. at 687).

The United States Supreme Court has confirmed that the Sixth Amendment right to counsel "extends to the plea-bargaining process." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). To prevail on such a claim, a petitioner must demonstrate "'gross error on the part of counsel,'" Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (quoting McMann v. Richardson, 397 U.S. 759, 772 (1970)), and that the advice he received from his counsel was "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer.'" Id. (quoting United States v. Day, 969 F.2d 39, 43 (3rd Cir. 1992)).

In order to demonstrate prejudice where a defendant claims that defense counsel's defective advice caused him to reject a plea offer and proceed to trial, prejudice is demonstrated

5

where "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Lafler, 132 S. Ct. at 1385.

### 3. Evidentiary Hearings

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (citing 28 U.S.C. § 2255(b)). Evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989); accord Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). When a § 2255 movant raises a claim of ineffective assistance of counsel, the court should hold an evidentiary hearing unless "something in the record conclusively shows that [movant's] trial attorney was not ineffective." Burrows, 872 F.2d at 917.

In deciding whether a § 2255 movant is entitled to an evidentiary hearing, the district court should determine whether, accepting the truth of movant's factual allegations, he could prevail on his claim. Blaylock, 20 F.3d at 1465. However, to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, state a claim on which relief under § 2255 could be granted. United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). The court may deny a request for evidentiary hearing on a § 2255 motion "if the petitioner's allegations, viewed against the record, fail to state a claim or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (citations omitted).

////

B. <u>Analysis</u>

Movant's factual allegations, if taken as true, present a colorable claim of ineffective assistance of counsel based on his defense counsel's actions in allegedly failing to inform movant of the pending revisions to the Sentencing Guidelines, specifically Amendment 791, which would lower the base offense sentencing level from 20 to 18. Movant declares that he repeatedly asked defense counsel whether sentencing amendments were pending. Respondent did not provide a declaration from movant's defense counsel to address whether counsel was aware of Amendment 791 and if counsel discussed Amendment 791 with movant prior to the plea agreement. Despite the judge's sentencing discretion, courts have recognized that any reduction in prison time is significant. <u>Glover v. United States</u>, 531 U.S. 198 (2001) ("any amount of actual jail time has Sixth Amendment significance").

Respondent argues that any effort on the part of defense counsel to delay movant's sentencing would have been pretextual, and the court would not have granted an extension on the basis that Amendment 791 was pending. However, respondent fails to address whether movant would not have pressed for a plea offer so early in the proceedings had he been informed as to Amendment 791, and if his case had proceeded in due course, rather than expedited, whether it was more likely he would have been sentenced after Amendment 791 became effective. Review of the record confirms that all of movant's co-conspirators were sentenced after Amendment 791 went into effect on November 1, 2015. Indeed, the next co-conspirator was not sentenced until March 4, 2016. (ECF No. 186.)

On the current record and without an evidentiary hearing, the court is unable to determine the circumstances surrounding the negotiation of the government's plea offer and movant's decision to plead guilty, in light of movant's apparent urgent desire at the time to obtain a plea offer and plead guilty.

VI. <u>Conclusion</u>

Good cause appearing, IT IS HEREBY ORDERED that:

1. The court has determined that the interests of justice require appointment of counsel for movant at an evidentiary hearing. See 18 U.S.C. § 3006A(a)(2)(B); see also <u>Weygandt v.</u>

Look, 718 F.2d 952, 954 (9th Cir. 1983). Therefore, the Federal Defender is appointed to represent movant for the limited purpose of participating in the evidentiary hearing contemplated by this order.

2. The Clerk of the Court is directed to serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

3. Movant's counsel shall contact the Clerk's Office to make arrangements to obtain copies of documents in the file.

4. This matter is set for status conference before the undersigned on August 30, 2018, at 10:00 a.m., in Courtroom #25. All parties shall appear at the status conference by counsel and shall be prepared to discuss potential dates to conduct the evidentiary hearing contemplated by the instant order.

Dated: June 14, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ludw0043.evid