UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>EDWIN FORREST LUDWIG, IV,<br><br>Movant. | No. 2:14-cr-0043 GEB KJN P<br><br><br><br>ORDER |

Movant (hereafter "Ludwig IV") is a federal prisoner, proceeding through appointed counsel, with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Ludwig IV's motion for authorization to conduct discovery came on regularly for hearing on November 29, 2018. Linnea M. Johnson, Esq., appeared for Ludwig IV. James Conolly, Assistant United States Attorney, appeared for respondent. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing, the court finds that the motion should be granted in part and denied in part.

Standards Governing Discovery in Habeas

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure." Id. A party requesting discovery must provide "reasons" for the request. Id. "[D]iscovery is available . . . at the discretion of the district court judge for good cause shown,

regardless of whether there is to be an evidentiary hearing." Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997). Good cause is demonstrated "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 909 (1997) (internal quotations and citation omitted).

Discussion

Protective Order

The parties have established good cause for the authorization of certain discovery relevant to the issues identified in the stipulation and order filed September 13, 2018 (ECF No. 333 at 3), as ordered below. Any discovery disclosed to respondent in connection with this § 2255 motion shall be subject to a protective order to be submitted to the court by the parties after the hearing on the instant motion, but such protective order shall include language limiting who in respondent's office may view such documents, as well as an agreement that any information contained therein shall not be used against Ludwig IV in any other prosecution.

Chris Cosca & His Records

Ludwig IV is authorized to subpoena former defense counsel Chris Cosca to attend the December 10, 2018 evidentiary hearing. Such subpoena shall issue under Rule 45 of the Federal Rules of Civil Procedure. See Subpoenas, Federal Habeas Manual § 4:28. Because Ludwig IV is entitled to Cosca's entire defense file (other than redacted discovery documents or Mr. Cosca's billing records), Ludwig IV shall include in such subpoena a command that Mr. Cosca produce at or before the evidentiary hearing all of his defense files, including emails or other electronic documents, concerning Cosca's defense of Ludwig IV. Fed. R. Civ. P. 45(a)(1).

On the other hand, the court does not find good cause for an order requiring Cosca to further respond to Ludwig IV's written interrogatories, or to permit Ludwig IV to propound additional interrogatories to Cosca. Similarly, the court does not find good cause for an order requiring the release of Cosca's CJA billing records. At this time, the court finds the request too speculative because it is unclear whether the billing records would include detailed records relevant to the narrow scope of the evidentiary hearing. That said, both counsel shall encourage

Cosca to review his billing records prior to the evidentiary hearing, and to bring such billing records to the hearing, to avoid the necessity of scheduling a further hearing and to have such records available should they assist Cosca in refreshing his recollection of his defense in this action.

Correspondence Between Ludwig IV and Cosca

Ludwig IV shall produce copies of all correspondence between Ludwig IV and Cosca and between Cosca and Ludwig IV, as well as Cosca's handwritten notes, subject to the protective order. Ludwig IV's counsel represented that she could produce such documents by this evening. The parties are encouraged to equally share documents as soon as possible given the impending evidentiary hearing. Respondent stated he has provided Ludwig IV copies of all correspondence between former prosecutor Sherry Haus and Cosca, which attaches every version of the plea agreement. Similarly, if at the evidentiary hearing Ludwig IV plans to rely on correspondence not addressed in the instant motion, Ludwig IV should provide copies of correspondence to respondent as soon as possible.

Former Prosecutor Sherry Haus

The court does not find good cause to issue a subpoena for Haus to testify at the hearing, or to permit Ludwig IV to propound interrogatories to Haus. The focus of the court's inquiry into the effectiveness of defense counsel is the communications between Ludwig IV and Cosca. At this time, it appears Haus' role is tangential. Ludwig IV's motion for testimony or discovery from Haus is denied.

Conclusion

Accordingly, IT IS HEREBY ORDERED that the motion for discovery (ECF Nos. 346, 347) is granted in part, and denied in part, as set forth above. Counsel shall submit a proposed stipulated protective order to the court on or before December 6, 2018.

Dated: November 30, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ludw0043.oah2