MCGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-0043-KJM-KJN |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGULATING DISCOVERY |
| v. | |
| EDWIN FORREST LUDWIG IV, | |
| Defendant. | |

Pursuant to Rule 12 of the Federal Rules of Section 2255 Cases, and Federal Rule of Civil Procedure 26(c), the United States, by and through Assistant U.S. Attorney James R. Conolly, and Defendant Edwin Forrest Ludwig IV, by and through his counsel of record, Linnéa Johnson, stipulate and agree, and respectfully request that the Court order as follows:

1. On September 13, 2018, this Court found that Mr. Ludwig's claims of defense counsel's ineffectiveness, alleged in Mr. Ludwig's December 19, 2016 petition, filed pursuant to 28 U.S.C. § 2255 (ECF No. 206; the "2255 Petition"), waived the attorney-client privilege between Mr. Ludwig and previous attorney, Christopher Cosca, concerning matters relating to the timing of Mr. Ludwig's change of plea and sentencing, including discussions related to potential changes to the United States Sentencing Guidelines. *See* ECF No. 333. This Court's order permitted Mr. Cosca "to disclose freely to the parties and the Court any relevant information bearing on those issues, including by producing documents and by answering questions as a witness." ECF No. 333 at 3.

2. On September 21, 2018, Mr. Cosca disclosed from his files a series of correspondence between Mr. Ludwig and himself. For the parties to prepare for the upcoming evidentiary hearing on this matter, the Court determined that the parties must have access to that material. In the interest of time and diligence, the parties have agreed that a Protective Order is sufficient to safeguard Mr. Ludwig's rights and privileges, by ordering the following:

   a. The documents produced by Mr. Ludwig, Bates labeled "LUDWIG IV 000001-000093," which include correspondence between Mr. Cosca and Mr. Ludwig, as well as other documentation containing or memorializing attorney-client communications, will be marked as "Protected Documents" as described in this stipulation and order. The Protected Documents shall not be disclosed to anyone not authorized by this Protective Order to view it. Any person receiving proper access to the Protected Documents shall be bound by the same obligations as the parties to this stipulation and, further, may not give the Protected Documents to anyone else.

   b. Under this Protective Order, disclosure of the Protected Documents to the United States is limited to the following members of the U.S. Attorney's Office for the Eastern District of California: (1) the attorneys assigned at the time of writing as counsel of record on this case, Amy Schuller Hitchcock and James R. Conolly, (2) any attorney that succeeds them as counsel of record on this matter, (3) any attorney assigned to supervise the work of counsel of record on this matter, (4) any attorneys for the United States assigned to work on appellate litigation resulting from or related to this matter, (5) any attorneys for the United States asked or assigned to provide ethics or professional responsibility advice relating to this matter; and (6) any paralegals, legal assistants, investigators or other support staff assigned to work on this matter for the United States.

   c. The United States will keep all Protected Documents in a secure location, and provide notification on any file or folder containing Protected Documents, that the Protected Documents are not to be viewed by individuals, or categories of individuals, not specifically identified in this Protective Order. The Protected Documents themselves shall be marked with the phrase "Protected Documents" in the footer of each page of any

|   |   |   |
|---|---|---|
| 1 |   | document, or on the label of any CD or electronic recording device containing any |
| 2 |   | Protected Documents. |
| 3 | d. | The parties may use Protected Documents in any manner relevant to presenting their |
| 4 |   | claims or to rebutting the claims of the opposing party, including examination and cross- |
| 5 |   | examination of witnesses, argument in Court, exhibits in the upcoming Section 2255 |
| 6 |   | evidentiary hearing, and in written motions and briefs. The parties reserve their right to |
| 7 |   | make objections related to the admissibility, relevance, or weight of the Protected |
| 8 |   | Documents, subject to the determination of the Court. |
| 9 | e. | The parties may make copies of Protected Documents and may take written or typed |
| 10 |   | notes summarizing it in connection with preparation of their cases. If necessary to the |
| 11 |   | litigation of the instant matter, the parties may also have audio or video forms of |
| 12 |   | Protected Documents transcribed. All notes, copies, duplicates, summaries, or transcripts |
| 13 |   | of or concerning the Protected Documents shall also be considered protected and are |
| 14 |   | subject to the terms of this stipulation and order. |
| 15 | f. | In the event that the parties need to use any Protected Documents in a manner not |
| 16 |   | authorized under this stipulation and order, they may seek leave of the Court to do so, |
| 17 |   | either in writing or before the Court, after having given notice to opposing counsel. |

3. The parties agree that disclosure of the Protected Documents, and the fact that certain attorneys for the United States will view it, shall not be used by Mr. Ludwig as a basis to seek recusal of any attorneys representing the United States in this Section 2255 litigation, or in further litigation related to the above-captioned case or any other.

4. For its part, the United States agrees that it will not disclose or use the Protected Documents in legal proceedings outside the litigation related to Mr. Ludwig's Section 2255 petition.

///
///
///
///
///

5. Successor counsel for Mr. Ludwig, in the above-captioned case or any other, shall be bound by the terms of this Stipulation and Protective Order.

IT IS SO STIPULATED.

Dated: December 6, 2018

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

/s/ *James R. Conolly*
JAMES R. CONOLLY
Assistant United States Attorney

Dated: December 6, 2018

/s/ *Linnéa Johnson*
LINNÉA JOHNSON
Counsel for Petitioner
Edwin Forrest Ludwig IV

# **O R D E R**

Based upon the agreement of the parties and pursuant to Rule 12 of the Federal Rules Governing Section 2255 Proceedings and Rule 26(c) of the Federal Rules of Civil Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case.

IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protected Documents as defined in the stipulation in this case.

Dated: December 10, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ludw0043.po