UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:14-cr-00043-KJM |
| Plaintiff and Respondent, | ORDER |
| v. | |
| Edwin Forrest Ludwig IV, | |
| Defendant and Movant. | |

Defendant Forrest Ludwig IV[1] moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The motion was referred to a magistrate judge, who received briefing, presided over an evidentiary hearing, and issued detailed findings and recommendations. *See* Findings & Recommendations at 1–3, ECF No. 470 (summarizing the charges, sentence, and motion); *id.* at 3–37 (describing the evidentiary hearing and the parties' arguments in detail). In short, Mr. Ludwig argues his counsel's advice and representation during plea negotiations and at sentencing did not take adequate account of an amendment to the Sentencing Guidelines that went into effect soon after he was sentenced. *See id.* at 37 (describing the relevant amendment).

---

[1] All references to Mr. Ludwig in this order are to Mr. Ludwig IV, not to co-defendant Mr. Ludwig III.

1

1    The magistrate judge recommends denying the motion. *See id.* at 41–55. Mr. Ludwig
2    objects, and the government responded to the objections. *See* Obj. F&Rs, ECF No. 479; Resp.
3    F&Rs, ECF No. 481. The government's response was untimely, but its delay caused no prejudice
4    and drew no objection. The court grants its request for an extension nunc pro tunc.

5    Before considering Mr. Ludwig's objections, the court must first ensure his motion is not
6    moot. After the magistrate judge issued his findings and recommendations, this court granted
7    Mr. Ludwig's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Release
8    Order, ECF No. 480. The effective reduction in Mr. Ludwig's sentence arguably moots his
9    motion under § 2255. If he prevailed under § 2255, at best his sentence would be reduced to a
10   77-month term of confinement. *See, e.g.*, Obj. F&Rs at 2. This court's order granting his motion
11   for compassionate release reduced his sentence much further. Mr. Ludwig had served about 55
12   months of his sentence at the time he was granted compassionate release. Release Order at 3.

13   Other district courts have found that motions to vacate or modify a sentence under § 2255
14   are moot in similar circumstances. *See, e.g.*, *Lopez v. United States*, No. 07-44, 2015 WL
15   2131076, at *2 (E.D.N.C. May 6, 2015); *United States v. Clemons*, No. 09-788, 2012 WL 78834,
16   at *1 (D.S.C. Jan. 9, 2012). Despite that authority, the court concludes Mr. Ludwig's motion is
17   not moot, at least not entirely. Because his claims of ineffective assistance of counsel, if
18   sustained, could show his sentence was imposed in violation of his constitutional rights, his
19   § 2255 motion remains live to that extent at least. *See, e.g.*, *Freeman v. United States*, No. 09-38,
20   2016 WL 1076002, at *2 (D. Del. Mar. 18, 2016) (electing to "exercise prudence" and review the
21   defendant's § 2255 motion because some of his claims "challenge[d] the legality of [the]
22   underlying conviction"); *see also* Resp. F&Rs at 19 (arguing the § 2255 motion "should still be
23   resolved"). Mr. Ludwig is also serving a 36-month term of supervised release. *See* Am. J. &
24   Commitment, ECF No. 484. This court therefore concludes it has jurisdiction to address his
25   motion.

26   The court has reviewed Mr. Ludwig's objections and the relevant portions of the record de
27   novo. *See* 28 U.S.C. § 636(b)(1). Those objections rest on five arguments.
28   /////

***First***, Mr. Ludwig contends the magistrate judge "conflated two separate issues and found that [counsel's] reason for not asking the Court to apply [the proposed Guidelines amendment] before it became effective also explained why [counsel] did not make the argument for imposing the low term at sentencing" based on the amendment's underlying logic. *See* Objs. F&Rs at 4. Counsel's representation did not fall below "an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Mr. Ludwig's plea agreement provided that if he requested or suggested "in any manner a different sentence than what is called for under the advisory guideline range as determined by the Court," the plea agreement would be "voidable at the option of the government." Plea Agmt. at 9, ECF No. 130. One reasonable interpretation of this provision would permit the government to void the plea agreement if Mr. Ludwig or his attorney referred to a proposed Guidelines amendment or argued for a lower sentence based on the logic of that proposed amendment. If the government had voided the plea agreement, the result might have been unwanted delays, a less favorable plea agreement, and greater emphasis on unfavorable facts about Mr. Ludwig's conviction offense and history at sentencing. Knowing what he knew at the time about the prosecutor's intent to seek an 84-month sentence, counsel did not act unreasonably in electing to minimize the risk of a voided plea agreement by advancing different arguments for a lower sentence.

***Second***, Mr. Ludwig argues the magistrate judge wrongly denied his requests for discovery from a former Assistant United States Attorney who participated in plea negotiations. *See* Objs. F&Rs at 22–25. A defendant who moves for relief under § 2255 is generally "entitled to . . . a full opportunity for presentation of the relevant facts." *Blackledge v. Allison*, 431 U.S. 63, 82 (1977) (quoting *Harris v. Nelson*, 394 U.S. 286, 298 (1969)). But discovery is not permitted "as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing 2254 and 2255 Cases, discovery may be conducted only if the presiding judge authorizes it after the requesting party shows "good cause." The Supreme Court has interpreted this rule as permitting discovery only if the moving defendant offers "specific allegations" that give the court "reason to believe" the defendant could show he would be "entitled to relief" if the record were "fully developed." *Bracy*, 520 U.S. at 908–09 (quoting

3

*Harris*, 394 U.S. at 300).  A defendant may not rely on "mere speculation."  *Calderon v. U.S. Dist. Ct.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Here, according to Mr. Ludwig's objections, discovery from the former prosecutor was necessary to determine (a) whether the prosecutor and defense counsel had entered an oral agreement in addition to the written plea agreement and (b) whether the pre-plea negotiations included any discussions of the Guidelines amendment discussed above, among other things.  *See* Objs. F&Rs at 24–25.  As the government persuasively explains in its response, there is no reason to believe that counsel negotiated an oral side agreement.  *See* Resp. F&Rs at 8.  Mr. Ludwig was also permitted to examine his former attorney about his plea negotiations in the evidentiary hearing.  The discovery Mr. Ludwig sought was unnecessary and based on speculation about what the former prosecutor might say.  The magistrate judge did not err by barring it.

***Third***, Mr. Ludwig objects to the magistrate judge's finding that Mr. Ludwig's former attorney gave him enough information about the proposed change to the Sentencing Guidelines to make an informed decision about whether to accept the plea agreement.  *See* Objs. F&Rs at 25–30.  The magistrate judge did not err.  Mr. Ludwig's former attorney testified that he "was going to try to convince Mr. Ludwig just to wait things out so he may get the benefit" of the proposed change.  Hr'g Tr. at 28, ECF No. 378.  The attorney "let him know there was a proposal under way that could result in . . . a 2-point change" and advised him to "wait things out" because he was "confident that it would change because normally these do go through at that point." *Id.*  But Mr. Ludwig said no.  *Id.*  "He wanted to get this done ASAP.  He wanted to get back to a prison closer to his daughter." *Id.* at 28.  An investigator who participated in these meetings corroborated that testimony.  She confirmed that "Mr. Ludwig was very anxious to get out and start his time and do his time." *Id.* at 78.  She remembered counsel "talking to [Mr. Ludwig] about the guidelines and him just wanting to proceed to get out.  And he was tired of waiting." *Id.*  Mr. Ludwig also knew the government was pursuing an 84-month sentence.  *See* F&Rs at 45.  Although it is true that neither counsel nor the investigator could remember exactly what words were spoken or how much detail counsel offered, and although counsel could not remember the motivation underlying the proposed amendment, their testimony clearly and credibly shows

4

Mr. Ludwig preferred a speedier disposition to an uncertain amendment that might make no practical difference in his circumstances.

***Fourth***, Mr. Ludwig objects to the magistrate judge's finding that he refused to continue his sentencing hearing until after the proposed amendment became effective. *See* Objs. F&Rs at 30–36.  For the reasons explained above, the magistrate judge did not err.  The government might have seen any attempts to delay the sentencing hearing as an attempted end-run around the sentence envisioned in the plea agreement.  Mr. Ludwig also made clear his interest in avoiding delays, and he knew the government was seeking an 84-month sentence, as described above.

***Fifth***, Mr. Ludwig argues the magistrate judge failed to distinguish two of his claims of ineffective assistance: (a) that counsel should have supported Mr. Ludwig's request for a sentence at the bottom of the Guidelines range by emphasizing the logic underlying the proposed amendment and (b) that counsel should have asked to apply the proposed amendment before its effective date.  See Objs. F&Rs at 36–37.  The magistrate judge perceived that these were separate arguments.  *See, e.g.*, F&Rs at 52 ("Whether or not the district judge would have considered or applied the lower sentencing range before it became effective is mere speculation.").  But in any event, neither claim could succeed.  For the reasons explained above, Mr. Ludwig's counsel reasonably decided not to advance arguments about the proposed amendment based on a reasonable interpretation of the plea agreement and the prosecutor's views.

In conclusion:

1. The Findings and Recommendations at ECF No. 470 are **adopted in full.**
2. Defendant's motion under 28 U.S.C. § 2255 is **denied**.
3. The companion civil case, No. 2:16-cv-1513-KJM, is **closed**.

IT IS SO ORDERED.

DATED:  October 6, 2021.

CHIEF UNITED STATES DISTRICT JUDGE